81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Richard KORDING, Defendant-Appellant.
 No. 95-50090.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1996.
Decided March 29, 1996.
 
 Before: BROWNING, WALLACE, and FARRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 The district court did not clearly err by imposing a two-level enhancement for "more than minimal planning." Four months before committing the offenses at issue, Kording wrote a letter threatening to vandalize FBI vehicles unless his retirement benefits were paid on time. The letter, which set out the course of action Kording eventually took, indicates he engaged in "more planning than is typical for commission of the offense in a simple form." U.S.S.G. § 1B1.1, cmt. 1(f).
 
 II.
 
 3
 The upward departure based on Kording's use of a gun meets two prongs of the test established in United States v. Lira-Barraza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). The district court had legal authority to depart upward based on Kording's use of a gun. See U.S.S.G. § 5K2.6 (authorizing upward departure "[i]f a weapon or dangerous instrumentality was used or possessed in the commission of the offense"); see also United States v. Carpenter, 914 F.2d 1131, 1134 (9th Cir.1990) (§ 5K2.6 would be redundant if Sentencing Commission had adequately considered gun possession in connection with all offenses). The court's factual findings in support of the departure are not at issue--Kording does not deny he used a gun. The third prong of the test is not met, however. A reviewing court can determine whether a departure is reasonable, Lira-Barraza, 941 F.2d at 751, only if the district court gives "adequate reasons for departure and for the extent of departure." United States v. Hines, 26 F.3d 1469, 1478 (9th Cir.1994). Here, the district court failed to explain the degree of departure, stating only that it was departing upward based on a "fact that the probation officer did not take into account--and that is the use of a gun in one of these crimes." In these circumstances, "we must remand to allow the district court to explain the extent of its departure." Hines, 26 F.3d at 1478 (remanding because "the district court did not explain why it chose to depart three levels, rather than two or five levels"); United States v. Todd, 909 F.2d 395, 399 (9th Cir.1990).
 
 
 4
 REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3